RANDALL v. FOCKLER ET AL.

1. **Practice**: MOTION FOR CONTINUANCE: SHOWING. Where a motion for continuance is made later than the second day of the term a showing in excuse of the delay is requisite.

*Appeal from Dubuque Circuit Court.*

THURSDAY, DECEMBER 11.

ACTION on a promissory note. The defendants pleaded that the note was not the property of the plaintiff, but that it belonged to O. B. North & Co., of New Haven, Connecticut. Judgment was rendered for the plaintiff, and defendants appeal.

*J. C. Longueville* and *Shiras, Van Duzee & Henderson,* for appellants.

*Griffith & Knight,* for appellee.

SEEVERS, J.—The only error insisted on by counsel for the appellants is that the court erred in overruling a motion for a continuance. The answer was filed on the 26th day of March, 1879, and that was the second day of the term. The motion was filed on the 29th day of March.

1. PRACTICE: motion for continuance: showing.

The statute provides that motions for a continuance must be filed on the second day of the term, if it is then certain it will have to be made before the trial. Code, section 2752. The absent witnesses resided in New Haven, Connecticut, and defendants did not have knowledge of any other persons by whom the defense could be established. This they must have

known on the second day of the term, and that they could not obtain the testimony of said witnesses at the trial, or if they did not have such knowledge the affidavit should have contained an excuse for the delay in filing it. This the statute requires. Code, section 2752.

AFFIRMED.